IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey Bingley, | ) | |
| | ) | |
| Petitioner, | ) | Civil No: 2:04-CV-22990-23 |
| vs. | ) | Criminal No. 2:02-CR-123 |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon Petitioner Jeffrey Bingley's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Motion to Dismiss. Petitioner has also filed his Response in opposition to the Government's Motion. For the following reasons, the court denies Petitioner's § 2255 motion and grants the Government's Motion to Dismiss.

## I. BACKGROUND

On January 16, 2002, a federal grand jury indicted Petitioner and others with drug and firearm offenses. Petitioner pled guilty to Count One of the superseding indictment on August 23, 2002. Count One charged conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine. After Petitioner's guilty plea, probation officials prepared a presentence report. Petitioner did not object to the presentence report. On May 6, 2003, the district court sentenced Petitioner to a sentence of 180 months in prison to be followed by a period of supervised release of ten years. The court entered judgment on May 12, 2003. On appeal to the Fourth Circuit, Petitioner asserted (1) that the district court did not fully comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure at the time Jeffrey Bingley entered his guilty plea and (2) that the district court was not proper in determining that Mr. Bingley was a career offender under the Sentencing

Guidelines.  The Fourth Circuit dismissed these claims and affirmed Petitioner's sentence on November 6, 2003.  *United States v. Bingley*, 80 Fed. Appx. 871, 872 (4th Cir. 2003).

Petitioner filed this § 2255 petition on November 16, 2004.  He raises the following issues: (1) abuse of discretion by the court that lead to plain error ("Count One"), (2) the guilty plea was not freely, voluntarily, and knowingly entered ("Count Two"), (3) ineffective assistance of counsel at all stages of the criminal proceeding ("Count Three"), (4) Petitioner's indictment was defective ("Count Four"), and (5) prosecutorial misconduct by the Assistant U.S. Attorney ("Count Five").

## II. STANDARD OF REVIEW

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

## III. DISCUSSION

Petitioner filed this § 2255 petition on November 16, 2004.  He raises the following issues: (1) abuse of discretion by the court that lead to plain error ("Count One"), (2) the guilty

plea was not freely, voluntarily, and knowingly entered ("Count Two"), (3) ineffective assistance of counsel at all stages of the criminal proceeding ("Count Three"), (4) Petitioner's indictment was defective ("Count Four"), and (5) prosecutorial misconduct by the Assistant U.S. Attorney ("Count Five").

**A. Counts One and Two**

In Count One, Petitioner argues that the court abused its discretion and its actions constituted plain error that affected Petitioner's substantial rights. Petitioner alleges that the court failed to place Petitioner under oath and determine whether Petitioner understood the constitutional rights he waived by pleading guilty. Petitioner also states that the court abused its discretion by failing to read him the indictment and to explain to him the nature of the offense to which he pled guilty. The petitioner requests that this federal habeas court review the underlying court's actions under the Federal Rule of Criminal Procedure Rule 52(b)'s plain error standard.[1] In Count Two, Petitioner argues that he did not enter his guilty plea knowingly, intelligently, or competently because of the court's alleged abuses in Count One. In regard to Count Two, Petitioner complains that his attorney failed to read and explain his indictment to

---

[1] While Petitioner suggests that this court review the court's alleged errors under Rule 52(b)'s plain error standard, the Supreme Court has stated clearly that to obtain collateral relief in a § 2255 petition, a prisoner must satisfy "the cause and actual prejudice standard," not the less strict plain error review of Rule 52(b). *United States v. Frady*, 456 U.S. 152 (1982) ("The Court of Appeals' use of Rule 52(b)'s "plain error" standard to review respondent's § 2255 motion was contrary to long-established law. Because it was intended for use on direct appeal, such standard is out of place when a prisoner launches a collateral attack against a conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of time allowed for direct review or by the affirmance of the conviction on appeal. To obtain collateral relief [under 28 U.S.C. § 2255], a prisoner must clear a significantly higher hurdle [the cause and actual prejudice standard] than would exist on direct appeal [plain error standard].").

him and that he did not have a full understanding of the elements and nature of the charges against him.

A review of Petitioner's record, however, shows that Petitioner has not been truthful in his petition. The transcript from Petitioner's guilty plea hearing shows that the court placed him under oath (Guilty Plea Hr'g at 2-3) and explained to him that by pleading guilty, he would be waiving his constitutional right to a jury trial (*Id.* at 6). At the hearing, Petitioner also acknowledged that his attorney discussed his indictment with him (*Id.* at 7). The court then proceeded to read the indictment to Petitioner and the elements of the charge against him (*Id.* at 7-9), and Petitioner acknowledged that he understood the nature of the offense to which he pled guilty. (*Id.* at 1-18.) After a review of the guilty plea hearing transcript, the court concludes that the court adequately explained the nature of the proceedings to Petitioner as authorized under Rule 11. *See also Bingley*, 80 Fed. Appx. at 871, 872 ("Our review of the transcript of the plea proceeding reveals that the district court fully complied with the requirements of Rule 11 in accepting Bingley's guilty plea."). Accordingly, Petitioner's abuse of discretion claim and claim that he did not enter his guilty plea knowingly, intelligently, or competently are dismissed.

**B. Count Three**

In Count Three, Petitioner argues that his counsel was ineffective. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. A court's evaluation of counsel's performance under this standard must be "highly deferential,"

so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

Here, Petitioner makes charges against his counsel that are either false or are simply allegations where Petitioner does not present any facts or provide any detail as to how counsel failed in his actions to represent Petitioner. For example, he argues that his counsel failed to explain his indictment to him and advise him of the nature of his charges. At the guilty plea hearing, however, Petitioner acknowledges that his attorney discussed his indictment with him. (Guilty Plea Hr'g at 7.) In addition, Petitioner argues that his counsel "failed to keep him informed about the legal proceedings" in his case but does not explain what information counsel failed to provide to him. Where a petitioner makes bare allegations in his § 2255 petition, the petitioner fails to state a claim for relief and his action will be dismissed. *See Bankston v. United States*, 433 F.2d 1294, 1295 (5th Cir. 1970) ("The appellant made a bare allegation that government witnesses "perjured themselves." No facts are stated in support of this assertion, which therefore fails to state a valid claim for § 2255 relief."). Finally, Petitioner fails to show how any of counsel's actions were deficient or prejudiced his case. Accordingly, Petitioner's ineffective assistance of counsel claim is dismissed.

**C. Counts Four and Five**

In Counts Four and Five, Petitioner alleges that the indictment used to charge him was

defective and that the Assistant U.S. Attorney engaged in prosecutorial misconduct to extract his guilty plea. When a petitioner fails to raise arguments regarding an alleged defective indictment or prosecutorial misconduct on direct review, those claims would be procedurally barred if Plaintiff cannot show cause and prejudice for the default or that a fundamental miscarriage of justice will occur if the claims are not addressed. *United States v. Spencer*, 21 Fed. Appx. 803, 804-05 (10th Cir. 2001) ("Because Mr. Spencer did not raise any arguments on his direct appeal regarding the defective indictment and the guilty plea, the claims will be procedurally barred if he cannot show cause and prejudice for the default or that a fundamental miscarriage of justice will occur if we do not address the claims."); *Smith v. United States*, 1997 U.S. Dist. LEXIS 18301, *1, *8 (W.D.N.C. October 8, 1997) ("The Petitioner's prosecutorial misconduct claim also fails because it is procedurally barred. The Petitioner did not raise the prosecutorial misconduct on direct appeal, and he has not shown cause or prejudice for failing to raise the issue on direct appeal. Thus, he is procedurally barred from collaterally attacking his sentence on this ground."). Here, Petitioner did not raise these claims on direct appeal and has not shown cause or prejudice for failing to raise these issues on direct appeal. He is therefore procedurally barred from collaterally attacking his sentence on these grounds.

## IV.  CONCLUSION

It is, therefore,

> **ORDERED,** for the foregoing reasons that the Government's Motion to Dismiss is **GRANTED**.  Petitioner's § 2255 motion is **DENIED**.
>
> **AND IT IS SO ORDERED.**

S/ Patrick Michael Duffy
**PATRICK MICHAEL DUFFY
UNITED STATES DISTRICT JUDGE**

**May 11, 2005
Charleston, South Carolina**

7